UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., VERSATA SOFTWARE, INC., F/K/A TRILOGY DEVELOPMENT GROUP, INC., AND TRILOGY, INC.<br><br>v.<br><br>FORD MOTOR COMPANY. | CASE NO. 4:15-CV-00316<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' EXPIDITED MOTION TO COMPEL JURISDICTIONAL DISCOVERY

Ford has asked this Court to dismiss this case for lack of general or specific jurisdiction over Ford.[1] But Ford refuses to allow Versata to review documents critical to the specific jurisdiction analysis. Specifically, Ford has refused to produce software user guides and manuals, even though these documents may show whether Ford's use of its infringing software is related to its contacts in Texas. Ford also refuses to provide information about its travel to Texas related to the Versata software.

Ford has asserted that this Court lacks specific jurisdiction because there is no infringement related to Texas, but it has stymied Versata's efforts to perform discovery that is key to testing this claim. Therefore, Versata requests this Court not to rule on Ford's motion to dismiss before Versata can perform sufficient discovery to investigate the purpose, frequency, and extent of Ford's contacts with Texas. Because Versata's response to Ford's motion is due on August 7, 2015, Versata asks the Court to give expedited consideration to this Motion to Compel.

---

[1] *See* Ford Motor Company's Motion to Dismiss for Lack of Personal Jurisdiction or, in the Alternative, to Transfer to the Eastern District of Michigan ("Motion to Dismiss") (dkt. 14).

**BACKGROUND**

1.  **Ford is "at home" in Texas – Ford's largest and most profitable market.**

Ford is subject to both general and specific jurisdiction in Texas. With respect to general jurisdiction, Ford is "at home" in Texas, where it has a regional sales office, a large distribution network of dealers, and billions of dollars in new vehicle sales.[2] Texas is Ford's largest and most profitable market, Ford's Texas sales account for more than 10% of its new vehicle sales, and Ford's sales in Texas dwarf its sales in Michigan and every other state.[3] Reflecting Ford's deep ties to Texas, Ford has named multiple vehicles after Texas's famous "King Ranch" and commissioned the well-known Toby Keith song "Ford is the Best in Texas."[4] Even under the *Goodyear/Daimler* standard, Ford is unquestionably subject to general jurisdiction in its biggest and most profitable market.

2.  **This case arises out of Ford's 17-year relationship with a Texas software company and concerns software that was developed and is being used in Texas.**

With respect to specific jurisdiction, this case arises out of Ford's 17-year relationship with Versata, a Texas software company. Ford has saved billions of dollars through its worldwide use of Versata's Automotive Configuration Management (ACM) software for vehicle "configuration."[5] Despite the termination of Ford's ACM license earlier this year, Ford continues

---

[2] *See Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) (noting that a corporation is subject to general jurisdiction where "that corporation's 'affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state.'" (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown* (131 S.Ct. 2846, 2851 (2011)).
[3] Declaration of Mike Richards ("Richards Declaration"), Ex. 1 at ¶¶ 4-6.
[4] *Id*. at ¶¶ 3-4.
[5] *See* Declaration of Seth Krauss in Support of Preliminary Injunction at ¶¶ 4-5 (Dkt. 11-2, Page ID# 631-632) (noting that "Ford used ACM to configure vehicles from billions of possible combinations of parts, features, and options" and to "ensure that configurations result in an integrated, working vehicle system that Ford is able to manufacture and sell.").

to reap tremendous financial benefits from its misuse of Versata configuration technologies in the Product Definition Offering ("PDO") software that Ford allegedly developed to replace Versata.

Versata developed these technologies primarily in Texas.[6] The only way that Ford has been able to achieve billions of dollars in cost savings is by distributing and integrating Versata's technologies throughout its business worldwide. For example, Ford used ACM – and now uses PDO – to power its Web-Based Dealer Ordering System (WBDO) and retail consumer website.[7] Ford dealers and potential vehicle buyers throughout Texas use these systems and, by extension, Versata's proprietary technologies.[8]

Despite strong evidence that Ford uses Versata's technologies in Texas, Ford implausibly denies that it uses ACM or PDO in Texas.[9] To address Ford's jurisdictional claims, Versata immediately contacted Ford to seek limited jurisdictional discovery.[10] Although Ford initially indicated it would be receptive to jurisdictional discovery, it began to show resistance. To expedite discovery, Versata narrowed the discussion to concrete items sought for jurisdictional discovery.[11] After much negotiation, Ford agreed to limited jurisdictional discovery, but has refused to provide any documentation related to the use of its PDO replacement software or Versata's ACM software in Texas.[12]

---

[6] *See* June 29, 2015 Declaration of Seth Krauss ("Second Krauss Declaration"), Ex. 2 at ¶6.
[7] *Id*. at ¶¶10-14.
[8] *Id*. at ¶¶11-12.
[9] Motion to Dismiss at 6-7 (dkt. 14, PageID# 825-26).
[10] *See* Declaration of Reed Smith ("Smith Declaration"), Ex. 3 at ¶2 & Ex. A.
[11] *See id.* at ¶3 & Ex. B.
[12] *See id*. at ¶4 & Ex. C.

3

## ARGUMENT

Ford is trying to have it both ways. On the one hand, Ford wants the Court to believe its unsupported assertion that it does not use PDO or ACM in Texas. On the other hand, Ford seeks to prevent Versata from discovering and challenging the factual basis of this assertion. This Court should not allow Ford to block discovery into its use of PDO and ACM in Texas, which is the lynchpin of Ford's jurisdictional defense.

Jurisdictional discovery is appropriate where "a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005) (quoting *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000)); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.").

Here, jurisdictional discovery is appropriate to show that Ford has contacts with Texas that would support a finding of specific jurisdiction. Specific jurisdiction is appropriate where the defendant has directed activities towards residents of the forum state and the injury arises out of or relates to the defendant's contacts with the forum state. *See, e.g., Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 342 (5th Cir. 2014).

### I. Versata is entitled into discovery regarding Ford's factual claims regarding its lack of contacts with Texas.

Ford's Motion to Dismiss raises several factual issues regarding its lack of contacts with Texas related to this case. Ford claims that neither Versata's ACM software nor Ford's PDO software are accessible or used in Texas.[13] Notably, Ford *does not deny* that Global Product

---

[13] *See* Motion to Dismiss (dkt. 14 at 6-7, PageID# 825-26).

Definition ("GPD"), which incorporates ACM, is accessible or used in Texas.[14] Indeed, Ford still uses GPD.[15] Nonetheless, Ford asserts, as a factual matter, that "'no part of [Ford's] 'course of conduct' at issue in Versata's patent claims occurred in Texas."[16] Ford has thus raised fact issues as to its use of ACM and PDO in support of its Motion to Dismiss.

Despite Ford's claims that no part of its course of conduct related to the patent infringement claims occurred in Texas, its pleadings before this court reference numerous contractual defenses to Versata's claims of infringement, including that it either owns or has a valid license to use Versata's proprietary technologies.[17] Ford not only contracted with the Texas-based Plaintiffs, Ford has a seventeen-year contractual relationship with them.[18] Through the contract period Ford sent millions of dollars to the Texas Plaintiffs for the technology at issue.[19] When Ford's negotiations failed, Ford sent two separate payments to Versata's Texas headquarters in what appears to be an unsuccessful attempt to surreptitiously renew its ACM license with Versata.[20] These undisputed facts should be sufficient alone to establish specific jurisdiction and venue in Texas. *See Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 381-83 (5th Cir. 2003); *Lewis v. Fresne,* 252 F.3d 352, 358-50 (5th Cir. 2001); *see also Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (noting that a continuing contractual relationship and entry into the forum state, even by mail, can serve as a basis for specific jurisdiction).

---

[14] *See* Ford Motor Company's Opposition to Versata's Motion for Preliminary Injunction ("Opposition to Injunction") (dkt. 15 at 11-12, PageID# 935-36).
[15] *See* Declaration of John Kamm at ¶¶ 4-7 (Dkt. 11-5, PageID# 780-81).
[16] Motion to Dismiss at 7 (dkt. 14, PageID# 826).
[17] Opposition to Injunction at 9-10 (dkt. 15, PageID# 933-34).
[18] *See* Declaration of Michael Richards in Support of Injunction at ¶ 4 (dkt. 11-1, Page ID#581).
[19] *Id.* at ¶¶ 7-9.
[20] *Id*. at ¶¶ 10-11.

### A. Versata is entitled to discovery into Ford's use of configuration software to determine whether it is used in Texas.

Yet, if further proof would be helpful to the Court, Versata has asked Ford to produce its manuals, user guides, developer guides, and related documentation for those applications which rely upon ACM or PDO in order to determine exactly how Ford uses those applications.[21] Versata anticipates that documents related to PDO, GPD, WBDO, Build & Price, and any other Ford program or application which in any way depends on ACM or PDO will show that ACM and PDO are used in Texas or accessible from Texas.[22] The requested documentation thus addresses Ford's central argument against specific jurisdiction—that neither ACM nor PDO are used in Texas.

### B. Versata is entitled to discovery into whether its software in Texas relies upon Versata software or Ford's infringing software.

Similarly, it is evidently undisputed that Ford uses software and applications like the requested applications—WBDO, Build and Price, etc.—to enable dealers and consumers to configure and ultimately order cars meeting specific criteria from Ford.[23] Because these applications allow end users to configure packages for specific vehicles, it is reasonable to examine whether these programs depend on ACM or related software. Versata believes that these programs are used by dealers and consumers throughout Texas, including the Eastern District of Texas, and that those programs in turn depend on ACM or PDO. In fact, Ford's own pleadings concede that a core feature of PDO is to reduce the "days on lot" for its dealers.[24] Versata has requested related manuals and documentation to show how Ford dealers and consumers in Texas use these programs and how they rely upon PDO or ACM.[25]

---

[21] Smith Declaration, Ex. 3 at ¶4 & Ex. C.
[22] *See* Second Krauss Declaration, Ex. 2 at ¶¶10-14.
[23] *Id.* at ¶¶11-12.
[24] *See* Complaint at ¶¶36-46, attached to Ford's Motion to Dismiss (dkt. 14-3, PageID# 858-61).
[25] Smith Declaration, Ex. 3 at ¶4 & Ex.C.

### C. Versata is entitled to PDO and WBDO user account information in Texas

Similarly, Versata is entitled to user account information for PDO and WBDO for any person in Texas. Although Ford has indicated that its declarant will testify that no *Ford employee* has access to PDO in Texas has access to PDO, that does not exclude the possibility that other relevant persons, such as Ford contractors or Ford dealerships have access to PDO. As indicated above, Versata believes that WBDO relies on ACM or PDO and therefore WBDO user account information is also relevant to specific jurisdiction.

### II. Versata should be granted discovery into Ford's ACM-related travel.

Versata should also be allowed to conduct discovery into Ford's ACM- and PDO- related travel to Texas. Visits to Texas related to ACM and PDO are undeniably related to specific jurisdiction. *See Signtronix, Inc. v. General Sign, Inc.*, No. 3:06-CV-2244-L, 2007 WL 2398515, at *6 (N.D. Tex. Aug. 22, 2007) (noting that a party's "contacts with Texas include his visits to the state"); *Gregory v. Rosenhaus*, No. 1:95CV139-B-D, 1996 WL 33370628, at *2-*3 (N.D. Miss. Feb. 12, 1996) (finding specific jurisdiction based on defendant's two visits to the forum state). Versata should be granted discovery into how many visits Ford took to Texas related to ACM, PDO and their affiliated applications during and after Ford's nearly seventeen-year relationship with Versata.

### CONCLUSION

For the foregoing reasons, Versata requests that the Court order Ford to produce: 1) a copy of all user guides (including without limitation developer guides and end-user documentation) for GPD (both pre- and post-disintermediation), PDO, WBDO, New Vehicle Order, and Build & Price, and any other ACM- or configuration-related applications; 2) a copy of all user guides (including without limitation developer guides and end-user documentation) for any web-based

7

ordering or configuration program from the past five years at Ford; 3) a copy of all user accounts in Texas for PDO and WBDO; and 4) all records showing travel to Texas for ACM-related purposes since July 1998.

DATED: July 22, 2015								Respectfully submitted,

/s/ Steven J. Mitby
Steven J. Mitby
Texas State Bar No. 24037123
smitby@azalaw.com
Foster C. Johnson
Texas State Bar No. 24076463
fjohnson@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING, P.C.
1221 McKinney, Suite 3460
Houston, Texas 77010
(713) 655-1101 (Phone)
(713) 655-0062 (Fax)

Lance Lee
5511 Plaza Drive
Texarkana, Texas 75503
wlancelee@gmail.com
(903) 223-0276 (Phone)
(903) 223-0210 (Fax)

Roger D. Sanders
Sanders, O'Hanlon & Motley
111 South Travis Street
Sherman, Texas 75090
(903) 892-9133 (Phone)

**ATTORNEYS FOR PLAINTIFFS VERSATA DEVELOPMENT GROUP, INC., F/K/A TRILOGY DEVELOPMENT, GROUP, INC., VERSATA SOFTWARE, INC., F/K/A TRILOGY SOFTWARE, INC., TRILOGY DEVELOPMENT GROUP, INC. AND TRILOGY, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 22nd day of July 2015, a true and correct copy of the foregoing was served electronically by email to all counsel of record in accordance with Federal Rules of Civil Procedure 5(d) as follows:

Frank A. Angileri
Chanille Carswell
Amy Leshan
John LeRoy
John Rondini
Brooks & Kushman PC – Southfield
100 Town Center
22nd Floor
Southfield, Michigan 48075

Lawrence Augustine Phillips
Clyde Moody Siebman
Siebman Burg Phillips & Smith LLP
300 North Travis Street
Sherman, Texas 75090

*/s/ Steven J. Mitby* _
Steven J. Mitby

**CERTIFICATE OF CONFERENCE**

I hereby certify that Versata conferred with Ford's counsel on multiple occasions, including by phone on July 10, 2015 and in writing on July 14, 2015 regarding the relief requested in this motion. Ford opposes the relief sought herein.

*/s/ Steven J. Mitby* _
Steven J. Mitby